**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**ANNE LOCKSLEY,**

      - against -

**UNITED STATES and NATIONAL INSTITUTE OF MENTAL HEALTH,**

              Defendants.

------------------------------------

05 Civ. 2593(JGK)

**OPINION & ORDER**

**JOHN G. KOELTL, District Judge:**

    This is a motion to dismiss pursuant to Federal Rules of Civil Procedure 8, 12(b)(1), and 12(b)(6). The plaintiff, Anne Locksley, is an attorney who brought this action as a pro se litigant. In a complaint dated November 16, 2004 (the "Complaint"), the plaintiff alleged that the defendants, the United States and the National Institute of Mental Health ("the NIMH"), "committed negligence" against her at an academic symposium at Columbia University when they failed to cite certain research findings that the plaintiff had published. (See Compl. at 3-4.)

    The plaintiff filed her complaint in the Supreme Court of the State of New York, New York County. The defendants removed this action to this Court pursuant to 28 U.S.C § 1442(a)(1) because the plaintiff's claims were brought against the United States and an agency of the United States. The defendants now move to dismiss the Complaint.

The defendants move to dismiss the Complaint on numerous grounds. The defendants argue that (1) the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., bars the plaintiff's direct claim against the NIMH; (2) the Court lacks subject matter jurisdiction over this action against the United States because Congress has not waived sovereign immunity; (3) the Court lacks subject matter jurisdiction because the plaintiff has not exhausted the proper administrative remedies; (4) the plaintiff's Complaint fails to state a claim upon which relief can be granted; and (5) the plaintiff's Complaint fails to meet the minimum pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

I.

On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court may consider matters outside the pleadings, such as affidavits, documents and testimony. See Phifer v. City of New York, 289 F.3d 49, 55 (2d Cir. 2002); Antares Aircraft v. Federal Republic of Nigeria, 948 F.2d 90, 96 (2d Cir. 1991), aff'd on remand, 999 F.2d 33 (2d Cir. 1993); Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986); John Street Leasehold, LLC v. Capital Mgmt. Res., L.P., 154 F. Supp. 2d 527, 533-34 (S.D.N.Y. 2001), aff'd, 283 F.3d 73

(2d Cir. 2002). The standard used to evaluate a Rule 12(b)(1) motion is thus similar to that used for summary judgment under Rule 56. See Kamen, 791 F.2d at 1011. The plaintiff has the ultimate burden of proving the Court's jurisdiction by a preponderance of the evidence. See Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996); Beacon Enters., Inc. v. Menzies, 715 F.2d 757, 762 (2d Cir. 1983); Fier v. United States, No. 01 Civ. 2225, 2002 WL 453177, at *1 (S.D.N.Y. Mar 25, 2002); see also Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) (when subject matter jurisdiction is challenged under Rule 12, plaintiff bears the burden of persuasion); Martin v. Reno, No. 96 Civ. 7646, 1999 WL 527932 (S.D.N.Y. July 22, 1999); see also Harp v. City of New York, 218 F. Supp. 2d 495, 496-97 (S.D.N.Y. 2002).

II.

The Complaint alleges that in early May 2004, the plaintiff received an invitation to attend a symposium at Columbia University entitled "Brain and Mind: Construction and Function of the Brain." (See Compl. at 3.) Among the sessions featured at the symposium was one entitled "Brain Function and Disease," which featured a presentation by the NIMH. (See id. at 3-4.)

The plaintiff alleges that "due to [the Government's] use of expert credential, professional address, forum, and choice of

topic," the Government had a duty to (1) cite certain research publications written by the plaintiff; (2) "restrict [its] speech as mandatorily required by the results in [plaintiff's] research publications"; (3) "include certain mandatory disclosure[s] required by the results in [plaintiff's] research publications"; and (4) "disclose two control variables mandatorily required by the results in [plaintiff's] research publications." (See Compl. at 4.) According to the plaintiff, the Government's failure to fulfill these duties constituted acts of negligence against the plaintiff, which violated her freedom of speech, freedom of the press, "useful progress in the arts and sciences," and freedom of trade and commerce, and "failed to relieve plaintiff ... from tortious exposure, twenty four hours a day, seven days a week, fifty two weeks a year, every year twenty and more years, to a tortious popular culture of speech, press, technology, and arts restrained to fallacies of human inferential reasoning, increasing risk to Plaintiff Locksley." (Id. at 4-5, 12-13.)

The plaintiff seeks (1) an injunction "causing operations of defendant National Institute of Mental Health to cease"; (2) compensatory damages "in monetary sum the equivalent accompanying the Nobel Prize in Medicine or $2,000,000," plus an amount equal to the difference between the average male and female lifetime earnings in research science and law as of age 53; (3) punitive

damages in the amount of $48,000,000; and (4) "United States letters of credit in amount sufficient, in terms proper, for Plaintiff to accomplish incorporatively establishment fully in operations of earnings capable press, standard highest quality, for corporate purposes ancillary to her arts corporations, 'Truffles and Pine Art Auctions, Incorporated' and 'Inisle Films, Incorporated.'" (See Id. at 18-20.)

III.

The Government moves to dismiss the Complaint on several grounds, each of which will be discussed in turn.

A.

Pursuant to the FTCA, allegations of tortious conduct by a federal agency must be made against the United States, not against an individual agency. See 28 U.S.C. § 2679(a); C.P. Chemical Co., Inc. v. United States, 810 F.2d 34, 37 n.1 (2d Cir. 1987) ("The FTCA expressly provides that only the United States may be held liable for torts committed by a federal agency, and not the agency itself"). The plaintiff alleges injuries based on the purported negligence of the NIMH and has sued the agency directly. Because the United States Government is the only party against which the plaintiff may maintain such a cause of action, the plaintiff's claim against the NIMH is dismissed. The

plaintiff's claim that Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803), defeats the requirements of the FTCA is without merit.

B.

The Government argues that the plaintiff's claims against the United States should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

With respect to the plaintiff's claims of negligence, the claim must be dismissed because the plaintiff has failed to exhaust her administrative remedies as required by the FTCA. See 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency ...."); Millares Guiraldes de Tineo v. United States, 137 F.3d 715, 719 (2d Cir. 1998)(same). In this case, the plaintiff has not alleged that she exhausted any administrative remedies before the NIMH. Moreover, the Government has shown without contradiction that no administrative remedies were exhausted. (See Bergeron Decl. ¶¶1-4.) Therefore, the plaintiff's claims of negligence must be dismissed.

Moreover, to the extent that the plaintiff's claim could be construed as a claim for a constitutional tort, such a claim must also be dismissed because Congress has not waived sovereign immunity over constitutional tort claims. See King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999).

Therefore, there is no subject matter jurisdiction over the plaintiff's complaint against the United States.

C.

The defendants also argue that even if this Court did have subject matter jurisdiction, the complaint should be dismissed for failure to state a claim. Fed. R. Civ. P. 12(b)(6). On a motion to dismiss for failure to state a claim, the allegations in the complaint are accepted as true. See Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). In deciding a motion to dismiss, all reasonable inferences must be drawn in the plaintiff's favor. See Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995); Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). Therefore, the defendant's motion should only be granted if it appears that the plaintiff can prove no set of facts in support

of her claim that would entitle her to relief. See Swierkiewicz v. Sorema, N.A., 534 U.S. 506, (2002); Conley v. Gibson, 355 U.S. 41, 45-46, (1957); Grandon, 147 F.3d at 188; see also Goldman, 754 F.2d at 1065; Burrell v. State Farm and Cas. Co., 226 F. Supp. 2d 427, 434 (S.D.N.Y. 2002).

Broadly construed, the complaint alleges that the Government owed the plaintiff a duty to cite her research in the NIMH's presentation at the Columbia symposium. The plaintiff, although a lawyer, has not identified any authority that recognizes such duty or imposes liability based on its breach, and there is no basis for such a claim. The plaintiff has failed to state a claim for which relief can be granted, and the claims would be dismissed even if there were jurisdiction to consider them.[1]

IV.

The plaintiff contends in her reply that she was not served properly with the defendants' motion and therefore the defendants' motion to dismiss should be stricken under Federal Rule of Civil Procedure 12(f). (See Reply at 1-2.) The motion to strike is denied. A motion to dismiss is not a pleading subject to motions to strike. Rosen v. Raum, No. 90 Civ. 7966,

---

[1] It is unnecessary to reach the government's argument that the Complaint fails to comply with Fed. R. Civ. P. 8(a) because it fails to "contain ... a short and plain statement of the claim showing that the pleader is entitled relief." See generally Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1998).

1991 WL 79195, at *1 (S.D.N.Y. May 3, 1991). In any event, Rule 12(f) provides for striking any "redundant, immaterial, impertinent, or scandalous matter." There is no such matter in the motion to dismiss. The plaintiff's complaint about not receiving the motion is plainly moot because the plaintiff received the papers and has responded to them. The plaintiff's claim that the papers should be stricken is unjustified and is denied.

The plaintiff has submitted a series of letters outlining, among other things, accusations of "black market" drug sales (<u>See</u> letter from Anne Locksley to Court dated April 14, 2005 at 2) and mathematical proofs of the plaintiff's theories (<u>See</u> letters from Anne Locksley to Court dated April 18, 2005 and April 19, 2005). The letters add nothing to the motion papers before this Court and do not alter the conclusion that the plaintiff's complaint must be dismissed for the reasons explained above.[2] The Court has considered all of the arguments of the parties. To the extent not explicitly addressed above, the arguments are moot or without merit.

---

[2] The plaintiff has also filed a motion for summary judgment. Because the complaint must be dismissed for the reasons explained above, the plaintiff is not entitled to summary judgment. The motion for summary judgment is denied as moot.

CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss is **granted** in its entirety. The Clerk is directed to enter judgment and close this case.

**SO ORDERED.**

**Dated:** **New York, New York**
**June 10, 2005**

_____
John G. Koeltl
United States District Judge